NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 19 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE PINEDA-ASCENCIO,<br><br>           Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>           Respondent. | No. 23-176<br><br>Agency No.<br>A095-044-964<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 10, 2023**

Before:     S.R. THOMAS, McKEOWN, and HURWITZ, Circuit Judges.

Jose Pineda-Ascencio, a native and citizen of El Salvador, petitions pro se

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") decision denying his applications for

withholding of removal and protection under the Convention Against Torture

---

    \*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

Because Pineda-Ascencio does not contest the BIA's determination that he waived challenge to the IJ's dispositive determinations that he failed to establish past persecution, a probability of future persecution, nexus to a protected ground, and that the Salvadoran government was unable or unwilling to protect him, we do not address it. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013). We do not address Pineda-Ascencio's contentions as to his credibility and the cognizability of his proposed particular social group because the BIA did not deny relief on these grounds. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency." (citation and internal quotation marks omitted)). Thus, Pineda-Ascencio's withholding of removal claim fails.

Because Pineda-Ascencio does not contest the BIA's determination that he waived challenge to the IJ's dispositive determination that he failed to show he will be tortured by or with the consent or acquiescence of the government if returned to El Salvador, we do not address it. *See Lopez-Vasquez*, 706 F.3d at 1079-80; *Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014) ("torture must be 'inflicted by or at the instigation of or with the consent or acquiescence of a public

official or other person acting in an official capacity'") (internal citation

omitted).

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**